IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-295-BO-RN

| | | |
|---|---|---|
| SIDDHANTH SHARMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANCIS DE LUCA, in his official | ) | |
| capacity as Chair of the North Carolina | ) | |
| State Board of Elections, SIOBHAN | ) | |
| MILLEN, in her official capacity as a | ) | |
| member of the NCSBE, JEFF CARMON, in | ) | |
| his official capacity as a member of the | ) | |
| NCSBE, STACY EGGERS, IV, in his | ) | |
| official capacity as a member of the | ) | |
| NCSBE, ROBERT RUCHO, in his official | ) | |
| capacity as a member of the NCSBE, and | ) | |
| SAM HAYES, in his official capacity as | ) | |
| the Executive Director of the NCSBE, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion for preliminary injunction, defendants' motion to dismiss, and plaintiff's motion to consolidate plaintiff's complaint and motion for preliminary injunction. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motions are each ripe for disposition. For the reasons that follow, defendants' motion is granted and plaintiff's motions are denied.

BACKGROUND

Plaintiff, who proceeds in this action, *pro se*, filed a complaint on June 4, 2025, challenging three of North Carolina's election-related statutes.[1] Plaintiff alleges that he has declared his

_____

[1] This is plaintiff's third action in this Court related to congressional candidate requirements. *See Sharma v. Hirsch*, No. 5:23-CV-00506-M, 2023 WL 7406791, at *1 (E.D.N.C. Oct. 30, 2023),

candidacy for the seat representing North Carolina's Thirteenth Congressional District in the U.S. House of Representatives. Plaintiff alleges that he intends to seek the Republican Party nomination for that seat and run in the March 2026 primary election. The candidate filing period for that election was from December 1 to December 19, 2025. Plaintiff alleges that North Carolina's rules require that he must be a registered voter and affiliated with the Republican party for at least ninety days before he can file his notice of candidacy. Plaintiff also alleges that North Carolina makes public the addresses of its registered voters, and that plaintiff is thereby at risk of harassment, violence, and threats as well as swatting and doxing.[2] Plaintiff first challenges the publication of his home address in public online voter registration records as violating the First and Fourteenth Amendments. Plaintiff next challenges the state statutes which require primary candidates to be registered to vote and associated with a political party, as applied to him, as violating the First and Fourteenth Amendments as well as the Qualifications Clause for members of the U.S. House of Representatives found in Article I, Section 2, Clause 2 of the U.S. Constitution. Plaintiff seeks to remove himself from being a registered voter so that he can remain anonymous, but alleges that if he does so he would not be able to vote or run for office, which are protected activities under the

---

*aff'd in part, vacated in part, remanded*, 121 F.4th 1033 (4th Cir. 2024); *Sharma v. Circosta*, No. 5:22-CV-59-BO, 2022 WL 19835738, at *1 (E.D.N.C. May 16, 2022). This action was reassigned to the undersigned on August 26, 2025.

[2] "'Swatting' is the act of placing a 911 call 'in which a false report of a violent crime is made to elicit a police Special Weapons and Tactics squad ('SWAT') response to the physical address of a targeted individual, his or her family members, or place of employment.'" *Kimberlin v. Nat'l Bloggers Club*, No. GJH-13-3059, 2015 U.S. Dist. LEXIS 32528, at *4-5 n.1 (D. Md. Mar. 17, 2015) (citation omitted). "'Doxing (sometimes spelled 'doxxing') is short for 'dropping documents,' . . . [or] 'the practice of disclosing a person's identifying information (e.g., their home address) on the Internet to retaliate against and harass the 'outed' person[.]'" *Allen v. City of Graham*, No. 1:20CV997, 2021 U.S. Dist. LEXIS 96769, at *31 n.17 (M.D.N.C. May 21, 2021) (citation omitted).

2

First and Fourteenth Amendments. Plaintiff seeks declaratory and injunctive relief, asking the Court to declare N.C. Gen. Stat. § 163-82.10(c) unconstitutional and enjoin its enforcement and to declare N.C. Gen. Stat. §§ 163-106.1 and 163-106.5(a) unconstitutional and to enjoin their enforcement. Plaintiff also seeks an order requiring the defendants to adopt a new candidacy form for federal candidates that does not include the voter registration and political party affiliation requirements.

## DISCUSSION

Because it addresses the Court's subject matter jurisdiction, the Court considers first defendant's motion to dismiss. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Defendants argue that plaintiff lacks Article III standing to bring his claims. To satisfy the standing requirement for subject matter jurisdiction at the pleading stage, a plaintiff must allege a case or controversy under Article III and "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

3

favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "The party invoking federal jurisdiction bears the burden of establishing" the elements of standing. *Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (internal quotations, citation omitted) (substitution in original). The facts that exist at the time the complaint is filed must support that the plaintiff possesses Article III standing. *Wild Va. v. Council on Env't Quality*, 56 F.4th 281, 293 (4th Cir. 2022).

A plaintiff lacks standing when his claimed injury is "premised on a speculative chain of possibilities[.]" *Clapper v. Amnesty, Int'l USA*, 568 U.S. 398, 410 (2013); *see Trump v. New York*, 592 U.S. 125, 133 (2020) (dismissing for lack of standing and ripeness because the plaintiff's alleged injury was predictive at best and noting "any prediction about future injury [is] just that—a prediction"). Future injuries are only sufficient if they are "*certainly impending*" and "[a]llegations of *possible* future injury are not sufficient." *Amnesty Int'l USA*, 568 U.S. at 409 (internal quotations and citation omitted) (emphasis in original). When a plaintiff is challenging the constitutionality of a statute before it is enforced upon the plaintiff, a "credible threat of enforcement is critical to establishing an injury in fact." *Buscemi v. Bell*, 964 F.3d 252, 259 (4th Cir. 2020), *cert. denied sub nom. Kopitke v. Bell*, 141 S. Ct. 1388, 209 L. Ed. 2d 129 (2021) (quotations omitted).

4

The Court considers first plaintiff's challenge to the address disclosure requirement. Plaintiff alleges that the public disclosure of his residential address places him at an elevated risk of harm. Plaintiff alleges that threats, harassment and swatting have taken place against members who are the same as plaintiff, and thus he has alleged an injury-in-fact for the purposes of Article III standing.

North Carolina law provides that, in order to file as a candidate in a party primary, a person must have been affiliated with that party for at least ninety days prior to the date of filing the notice of candidacy. N.C. Gen. Stat. § 163-106.1. A person, such as plaintiff, seeking to be on the ballot for a party primary for a seat in the U.S. House of Representatives must file both a notice of candidacy and a certificate demonstrating that they are registered to vote in a particular county. *Id.* § 106.5(a). A person may also run in the general election as either an unaffiliated candidate or a write-in candidate. *See* N.C. Gen. Stat. §§ 163-122; 163-123.

North Carolina law further requires that some voter registration information is public, including a registered voter's address. *See* N.C. Gen. Stat. § 163-82.10(c)(2); N.C. Gen. Stat. § 132-1(a). Other voter registration information, such as dates of birth, social security numbers, and email addresses are not subject to public disclosure. *Id.* § 163-82.10(a). The State Board of Elections is required to make most public voter information publicly available, which it does through a database on its public website. *Id.* § 163-82.10; *see* https://vt.ncsbe.gov/RegLkup/VoterInfo/. A registered voter may prevent his or her address from becoming publicly available where there is a domestic violence protective order or a no-contact order in place and the voter submits a statement of a good faith belief that the physical safety of the voter or a member of the voter's family living with the voter would be jeopardized if the voter's address is disclosed. N.C. Gen. Stat. § 163-82.10(e).

5

In the First Amendment context, a plaintiff whose First Amendment activities have been chilled can demonstrate a cognizable injury for purposes of standing. *Benham v. City of Charlotte, N.C.*, 635 F.3d 129, 135 (4th Cir. 2011).

> Any chilling effect must be objectively reasonable. Nevertheless, a claimant need not show she ceased those activities altogether to demonstrate an injury in fact. Government action will be sufficiently chilling when it is likely to deter a person of ordinary firmness from the exercise of First Amendment rights.

*Id.* (internal alterations, quotations, and citations omitted); *see also Cooksey v. Futrell*, 721 F.3d 226, 235-36 (4th Cir. 2013).

Here, plaintiff's challenge to the address disclosure requirement fails to allege an injury in fact which is fairly traceable to the State Board of Elections. Plaintiff does not allege that he has not or will not submit his candidacy forms due to the mandatory disclosure of his address as a registered voter. Nor has plaintiff sufficiently alleged that a person of ordinary firmness would be deterred from filing a notice of candidacy because of the address disclosure requirement. Plaintiff vaguely alleges that other "members" have received threats or been subject to harassment, but no factual allegation would tie any alleged harassment or threats of any other person to the public disclosure of a residential address based upon the address disclosure requirement. Additionally, plaintiff's alleged injury, a risk which stems from making residential address data public, is common to all registered voters in North Carolina, and none of plaintiff's allegations differentiate him from the public such that he has sufficiently alleged a particularized injury. *See Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 655 (4th Cir. 2019). That plaintiff has raised a facial challenge does not change the result. "Although the assertion of a facial challenge to [a statute] based on the First Amendment may warrant some relaxation of the prudential rule that a claimant may assert her own rights only, the claimant must nevertheless satisfy the injury-in-fact requirement grounded in Article III." *Benham*, 635 F.3d at 135. In opposition to the motion to

6

dismiss, plaintiff argues that his rights to anonymity in voting and associating have been chilled, but that argument is conclusory, as plaintiff has not alleged that he or any other person has refrained from voting or associating because of the address disclosure requirement.

Plaintiff further has not alleged an injury in fact as to the requirements that primary election candidates must be registered voters affiliated with a political party for at least ninety days. As plaintiff has alleged in his complaint, plaintiff *is* a registered voter affiliated with the Republican party. Plaintiff, therefore, would have been able to satisfy both requirements on December 1, 2025, when the candidate filing period began.

Any alleged harm that would result to plaintiff were he to rescind his voter registration or party affiliation is purely speculative. So too is any harm arising from any filing of a notice of candidacy, because at the time that plaintiff filed his complaint, plaintiff had not filed a notice of candidacy and had not had a notice of candidacy rejected by the State Board of Elections for failure to comply with any requirements. Though in opposition to the motion to dismiss plaintiff argues that he has standing to challenge the voter registration and ninety-day affiliation requirements based on prior enforcement in 2024, plaintiff still fails to allege that in 2024 he was not a registered voter, that he was not affiliated with a political party, or that the State Board of Elections rejected his candidacy on either ground. And, contrary to the cases on which plaintiff relies, plaintiff has not alleged that he has received any threat of enforcement by the State Board of Elections based upon which plaintiff has self-censored his First Amendment activities. *See, e.g., Cooksey*, 721 F.3d at 235.[3] Plaintiff has failed to show that he has Article III standing to challenge either the registration or ninety-day affiliation requirements for primary elections.

---

[3] And, as defendants recognize as to appearing on the general election ballot, "North Carolina will not and cannot mandate that candidates for federal office be registered voters because such a requirement would constitute an unconstitutional additional qualification on officeholding. Thus, any candidate who objects to providing his address may simply cancel his voter registration or

7

Case 5:25-cv-00295-BO-RN   Document 25   Filed 01/29/26   Page 7 of 9

Additionally, as the Court has previously held, plaintiff's challenge to the registration and ninety-day affiliation requirements are also not ripe. *See Sharma v. Hirsch*, 2023 WL 7406791, at *8. "Because ripeness is a Constitutional limitation on federal court jurisdiction, ripeness presents the threshold question whether a claim is justiciable." *Whitaker v. Monroe Staffing Servs., LLC*, 42 F.4th 200, 206 (4th Cir. 2022). "A case is not ripe for judicial determination "if the plaintiff has not yet suffered injury and any future impact remains wholly speculative . . . [but] a case is ripe for judicial decision when the controversy is final and not dependent on future uncertainties." *Id.* (internal quotation and citation omitted). At the time plaintiff filed his complaint, he had not filed a notice of candidacy and, thus, any adverse action by the State Board of Elections would be speculative. Plaintiff has not established that his challenge to the registration and ninety-day affiliation requirements are ripe, and the Court lacks subject matter jurisdiction over these claims.[4]

Accordingly, because the Court lacks subject matter jurisdiction over plaintiff's claims, his complaint must be dismissed. Plaintiff's motion seeking a preliminary injunction and for consolidation of his complaint with his preliminary injunction motion are therefore denied without prejudice as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss [DE 13] is GRANTED. Plaintiff's complaint is DISMISSED without prejudice for lack of subject matter

---

avoid registering altogether. If a candidate still voluntarily enters or remains within the voter-search database, he cannot reasonably claim that such speech was compelled, given that he had a reasonable and easily accessible alternative. Any potential 'chilling effect' will be 'self-inflicted,' and thereby untraceable to the Board's requirements." *Sharma*, 121 F.4th at 1043.

[4] The burden remains on the plaintiff to demonstrate that the Court has subject matter jurisdiction, and plaintiff has not come forward with any change in circumstance or request to amend his complaint which might impact the Court's ripeness analysis.

jurisdiction. Plaintiff's motion for preliminary injunction [DE 9] and motion to consolidate [DE 19] are DENIED without prejudice as MOOT.

The clerk is directed to close this case.

SO ORDERED, this 29 day of January 2026.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9